IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

|  |  |
|---|---|
| **Mehrdad Fotoohighiam,**<br><br>Plaintiff;<br><br>v.<br><br>**The Curators of the University of Missouri,** *et al.***,**<br><br>Defendants. | Case No. 2:24-cv-04213-SRB<br><br>**JURY TRIAL DEMANDED** |

## Separate Answer of Defendant The Curators of the University of Missouri to Plaintiff's First Amended Complaint

Defendant The Curators of the University makes the following answer to Plaintiff's First Amended Complaint.

### I. Parties

1. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 1's allegations and so it denies them.

2. Answering paragraph 2, admits that The Curators of the University of Missouri is a governmental body created and organized under and by virtue of the Constitution and the State of Missouri and statutory provisions pertaining to the constitutionally created governmental entity known as "The Curators of the University of Missouri." Admits that The Curators of the University of Missouri is located in Columbia, Missouri and employs various persons. Denies the remaining allegations of paragraph 2.

3. Admits that Cari Lyman is the Director of Retirement for the UM System and denies the remaining allegations of paragraph 3.

4. Admits that Brian Weimer is the Chief of the University of Missouri Police Department and denies the remaining allegations of paragraph 4.

5. Answering paragraph 5, states that there is no legal entity known as the UMC Police Department capable of being sued. To the extent an answer is required to the allegations of paragraph 5, Defendant denies the allegations.

- 1 -

SEPARATE ANSWER OF THE CURATORS OF THE UNIVERSITY OF MISSOURI
Case 2:24-cv-04213-SRB    Document 17    Filed 04/28/25    Page 1 of 10

6. Admits that Officer Jacob Clifford is a police officer and employee for The University and denies the remaining allegations of paragraph 6.

7. Admits that Officer Payne Brockert is a police officer and employee of The University and denies the remaining allegations of paragraph 7.

8. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 8's allegations and so it denies them.

9. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 8's allegations and so it denies them.

## II. Jurisdiction and Venue

### *Jurisdiction*

10. Defendant admits that this Court has subject matter jurisdiction and denies the remaining allegations of paragraph 10.

11. Defendant states that the allegations of paragraph 11 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 11.

12. Defendant admits that venue is appropriate in this Court and denies the remaining allegations of paragraph 12.

## III. Introduction

13. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 13's allegations and so it denies them.

14. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 14's allegations and so it denies them.

15. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 15's allegations and the allegations of its sub-paragraphs and so it denies them.

16. Denies the allegations of paragraph 16.

17. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 17's allegations and so it denies them.

18. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 18's allegations and so it denies them.

## IV. Statement of Facts

### *Plaintiff's Employment and Retirement Claims*

19. Denies the allegations of paragraph 19.

20. Answering paragraph 20, admits that Plaintiff spoke with Cari Lyman on August 31, 2022 regarding his retirement benefits at the Human Resource Service Center and denies the remaining allegations of paragraph 20.

21. Answering paragraph 21, admits that Cari Lyman informed Plaintiff that he was not eligible to vest and be eligible for a retirement benefit and denies the remaining allegations of paragraph 21.

22. Answering paragraph 22, admits that Plaintiff disputed his eligibility for retirement benefits and that an HR employee called the University of Missouri Police Department due to Plaintiff's failure to leave the Human Resource Service Center. Admits that Officer Jacob Clifford responded to the Human Resources Service Center. Denies that Officer Payne Brockert responded to the Human Resources Service Center. Admits that Plaintiff received a trespass warning, prohibiting him from being on the property of the University of Missouri-Columbia campus beginning on August 31, 2022. Denies the remaining allegations of paragraph 22, particularly that Plaintiff's trespass warning was made without cause.

### *Unlawful Ban and Retaliation:*

23. Answering paragraph 23, admits that Plaintiff received a trespass warning for the University of Missouri, Columbia campus for a year long period beginning on August 31, 2022 and denies the remaining allegations of paragraph 23.

24. Denies the allegations of paragraph 24.

25. Defendant is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegation that he recorded his interaction with Lyman, Clifford and others on August 31, 2022 and so it denies that allegation. Defendant denies the remaining allegations of paragraph 25.

26. Denies the allegations of paragraph 26.

27. Denies the allegations of paragraph 27.

### *Failure to Provide Due Process*:

28. Answering paragraph 28, Defendant admits that Plaintiff repeatedly contacted The University and its employees regarding his retirement benefits claim. Defendant denies the remaining allegations of paragraph 28.

29. Denies the allegations of paragraph 29.

30. Denies the allegations of paragraph 30.

31. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations regarding Plaintiff's national origin and so it denies that allegation. Defendant denies the remaining allegations of paragraph 31.

32. Answering paragraph 32, Defendant admits that Plaintiff filed a complaint with the Missouri Commission on Human Rights and received a right to sue. Denies the remaining allegations of paragraph 32.

33. Denies the allegations of paragraph 33.

34. Denies the allegations of paragraph 34.

### *Monell Claim – Systemic Failure at UMC:*

35. Denies the allegations of paragraph 35.

36. Denies the allegations of paragraph 36.

37. Denies the allegations of paragraph 37.

### John Doe Defendants (Including HR and UMC Police Officers)
### John Doe 1 – UMC Police Officer:

38. Defendant is without sufficient knowledge or information to form a belief regarding the identity of "UMC Police Officer John Doe #1" and so denies any allegations regarding that individual. Defendant denies the remaining allegations of paragraph 38.

### John Doe #2 – UMC Human Resources Employee:

39. Defendant is without sufficient knowledge or information to form a belief regarding the identity of "John Doe 2" and so denies any allegations regarding that individual. Denies the remaining allegations of paragraph 39.

### FURTHER STATEMENT OF FACTS AND VICTIM IMPACT
### Plaintiff's Continuing Efforts to Resolve the Issue:

40. Answering paragraph 40, admits that Plaintiff, either individually or through counsel, continued to contact The University and its employees following August 31, 2022. Denies the remaining allegations of paragraph 40.

41. Answering paragraph 41, admits, upon information and belief, that Chief Brian Weimer and Plaintiff spoke on October 11, 2023. Admits that Plaintiff's trespass warning was renewed on September 21, 2023 for one year with the exception that Plaintiff was allowed to attend medical appointments at MU Health Care facilities and travel directly to and from those appointments. Denies the remaining allegations of paragraph 41.

### Lost Income from Business and Career Opportunities:

42. Answering paragraph 42, denies that Plaintiff was unlawfully banned from campus. Further answering Defendant states that it is without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations of paragraph 42 and so it denies them.

43. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 43's allegations and so it denies them.

### Plaintiff's Health and Family Impacts:

44. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 44's allegations and so it denies them and those of its sub-paragraph.

### Ongoing Retaliation and Lack of Accountability:

45. Answering paragraph 45, admits that Officer Brockert spoke with Plaintiff regarding his trespass warning continuing through 2024 and denies the remaining allegations of paragraph 45.

*Loss of Access to UMC Campus Resources and Community:*

46. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 46's allegations and so it denies them.

47. Defendant states that the allegations of paragraph 47 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 47.

48. Defendant states that the allegations of paragraph 48 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 48.

49. Answering paragraph 49, Defendant admits that Plaintiff made a settlement demand and denies the remaining allegations of paragraph 49.

*Sovereign Immunity and Insurance Coverage:*

50. Denies the allegations of paragraph 50.

V. **Claims for Relief**

### COUNT I
### VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### First Amendment Violation for Relation for Asserting a Constitutional Right

Defendant states that this Count is not directed toward, nor makes any allegations regarding, nor seeks any relief from, this Defendant. For that reason, this Defendant makes no answer to Count I of Plaintiff's First Amended Complaint. If the Court determines that Count I is directed toward this Defendant, then this Defendant denies every allegation of Count I.

### COUNT II
### VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### Due Process Violation (14th Amendment)

Defendant states that this Count is not directed toward, nor makes any allegations regarding, nor seeks any relief from, this Defendant. For that reason, this Defendant makes no answer to Count II of Plaintiff's First Amended Complaint. If the Court determines that Count II is directed toward this Defendant, then this Defendant denies every allegation of Count II.

### COUNT III
### VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### Fourth Amendment – Unreasonable Search and Seizure

Defendant states that this Count is not directed toward, nor makes any allegations regarding, nor seeks any relief from, this Defendant. For that reason, this Defendant makes no answer to Count IIII of Plaintiff's First Amended Complaint. If the Court determines that Count III is directed toward this Defendant, then this Defendant denies every allegation of Count III.

## COUNT IV
## 42 U.S.C. § 1983
## DUE PROCESS VIOLATION UNDER THE FOURTEENTH AMENDMENT
## Denial of Retirement Benefits and Unlawful Campus Ban

Defendant states that this Count is not directed toward, nor makes any allegations regarding, nor seeks any relief from, this Defendant. For that reason, this Defendant makes no answer to Count IV of Plaintiff's First Amended Complaint. If the Court determines that Count IV is directed toward this Defendant, then this Defendant denies every allegation of Count IV.

## COUNT V
## VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## Equal Protection Violation *(Fourteenth Amendment)*
[Selective Enforcement or Discrimination in How Plaintiff Was Treated]

Defendant states that this Count is not directed toward, nor makes any allegations regarding, nor seeks any relief from, this Defendant. For that reason, this Defendant makes no answer to Count V of Plaintiff's First Amended Complaint. If the Court determines that Count V is directed toward this Defendant, then this Defendant denies every allegation of Count V.

## COUNT VI
## Missouri Human Rights Act (MHRA) – Employment Discrimination
[Discrimination and Retaliation in Violation of MHRA]

Defendant states that this Count is not directed toward, nor makes any allegations regarding, nor seeks any relief from, this Defendant. For that reason, this Defendant makes no answer to Count VI of Plaintiff's First Amended Complaint. If the Court determines that Count VI is directed toward this Defendant, then this Defendant denies every allegation of Count VI.

Defendant also makes no answer to Count VI of Plaintiff's First Amended Complaint as the Court previously dismissed this Count of Plaintiff's First Amended Complaint. (**ECF 16, pp. 4-5**).

## COUNT VII
## Missouri Human Rights Act (MHRA) - Retaliation

Defendant states that this Count is not directed toward, nor makes any allegations regarding, nor seeks any relief from, this Defendant. For that reason, this Defendant makes no answer to Count VII of Plaintiff's First Amended Complaint. If the Court determines that Count VII is directed toward this Defendant, then this Defendant denies every allegation of Count VII.

Defendant also makes no answer to Count VII of Plaintiff's First Amended Complaint as the Court previously dismissed this Count of Plaintiff's First Amended Complaint. (**ECF 16, pp. 4-5**).

## COUNT VIII
## Title VII – Retaliation for Exercising Constitutional Rights and National Origin

224. Defendant incorporates by reference its responses to the allegations set forth in paragraphs 1 through 223 as though fully set forth herein.

- 6 -

SEPARATE ANSWER OF THE CURATORS OF THE UNIVERSITY OF MISSOURI
Case 2:24-cv-04213-SRB     Document 17     Filed 04/28/25     Page 6 of 10

225. Defendant is without sufficient knowledge or information sufficient to form a belief about the truth of paragraph 225's allegations and so it denies them.

226. Denies the allegations of paragraph 226.

227. Denies the allegations of paragraph 227 and each and every sub-paragraph thereof.

228. Denies the allegations of paragraph 228.

229. Denies the allegations of paragraph 229 and each and every sub-paragraph thereof.

230. Denies the allegations of paragraph 30.

Having fully answered this Count of Plaintiff's First Amended Complaint, Defendant requests that the Court enter judgment in its favor, dismiss it with its costs herein incurred and expended, award its reasonable attorney's fees as the prevailing party and provide such other relief as the Court deems appropriate under the circumstances.

## COUNT IX
### Title VII Violation – National Origin Discrimination
### [Denial of Retirement Benefits Based on National Origin]

231. Defendant incorporates by reference its responses to the facts set forth in paragraphs 1 through 230 as though fully set forth herein.

232. Defendant is without knowledge or information sufficient to form a belief about the truth of paragraph 232's allegations and so it denies them.

233. Denies the allegations of paragraph 233.

234. Denies the allegations of paragraph 234 and specifically denies that Plaintiff had sufficient creditable service to vest under the University of Missouri Retirement, Disability and Death Benefit Plan.

235. Denies the allegations of paragraph 235.

236. Denies the allegations of paragraph 236 and each and every sub-paragraph thereof.

237. Denies the allegations of paragraph 237 and each and every sub-paragraph thereof.

238. Denies the allegations of paragraph 238.

Having fully answered this Count of Plaintiff's First Amended Complaint, Defendant requests that the Court enter judgment in its favor, dismiss it with its costs herein incurred and expended and provide such other relief as the Court deems appropriate under the circumstances.

## COUNT X
### Tortious Interference with Contractual Relations and Business Relationships

Defendant makes no answer to Count X of Plaintiff's First Amended Complaint as the Court previously dismissed this Count of Plaintiff's First Amended Complaint. (**ECF 16, pp. 6-8**).

## COUNT XI
## Negligence and Negligent Infliction of Emotional Distress

Defendant states that this Count is not directed toward, nor makes any allegations regarding, nor seeks any relief from, this Defendant. For that reason, this Defendant makes no answer to Count XI of Plaintiff's First Amended Complaint. If the Court determines that Count XI is directed toward this Defendant, then this Defendant denies every allegation of Count XI.

## COUNT XII
## Monell Claim – Municipal Liability Under 42 U.S.C. § 1983

Defendant makes no answer to Count XII of Plaintiff's First Amended Complaint as the Court previously dismissed this Count of Plaintiff's First Amended Complaint. **(ECF 16, pp. 10-11)**.

\* \* \*

Having fully answered Plaintiff's First Amended Complaint, Defendant The Curators of the University of Missouri respectfully requests that the Court enter judgment in its favor, dismiss it with its costs herein incurred and expended and provide such other relief that the Court deems appropriate under the circumstances.

**VI. Affirmative Defenses**

Defendant The Curators of the University of Missouri asserts the following affirmative defenses to Plaintiff's First Amended Complaint:

1. Defendant denies each and every allegation of Plaintiff's First Amended Complaint not specifically responded to hereinabove.

2. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against this Defendant.

3. States that neither Plaintiff's alleged exercise of his constitutional rights, nor his national origin, were contributing, motivating or substantial factors with respect to any action taken against Plaintiff.

4. States that Plaintiff was not an employee of The Curators of the University of Missouri at the time of any actions taken against him described in his First Amended Complaint. 42 U.S.C. § 2000e-2.

5. States that Plaintiff's claims arising out of the denial of his retirement benefits are barred by the applicable statute of limitations, as Defendant The Curators of the University of Missouri informed Plaintiff that he did not have sufficient creditable service to vest under the University of Missouri Retirement, Disability and Death Benefit Plan in 1983. Any action taken on behalf of this Defendant did not deny Plaintiff any retirement benefit. Plaintiff did not bring suit within the applicable statute of limitations after Defendant informed Plaintiff of the denial of his retirement benefits claim.

6. States that portions of Plaintiff's First Amendment Complaint may be barred by applicable statutes of limitations.

7. States that Plaintiff did not engage in any protected activity.

8. States that Defendant's conduct at all relevant times was lawfully justified.

9. States that Defendant did not retaliate against Plaintiff, and that any materially adverse action taken against Plaintiff, which Defendant denies occurred, took place for a lawful reason not related to Plaintiff's engagement in any protected activity.

10. States that some or all of Plaintiff's claims may be barred by the operation of deadlines and statutes of limitation and by Plaintiff's failure to exhaust administrative remedies. This includes, but is not limited to, the deadlines and limitations prescribed by 42 U.S.C. § 2000e-5.

11. States that Defendant is entitled to immunity under the Eleventh Amendment of the United States Constitution, in that Defendant is an arm and instrumentality of the State of Missouri and is entitled to Eleventh Amendment protections. This Defendant has not consented to the jurisdiction of this Court and is generally not subject to suit in federal court without its consent.

12. States that upon information and belief, Plaintiff has failed and neglected to use reasonable means to protect himself from losses and has failed to mitigate the alleged losses and damages complained of in his Complaint.

13. States that Defendant's actions were protected by the business judgment rule.

14. States that Plaintiff's claim for punitive damages, if granted, would be excessive and would violate the due process clause of the Fourteenth Amendment of the United States Constitution. Defendant has not received fair notice that it could be subject to substantial punitive damages for the conduct alleged.

15. States that Plaintiff's claim for punitive damages would violate the Eighth Amendment to the United States Constitution because it seeks to impose an excessive fine upon Defendant, is penal in nature, and seeks to punish Defendant upon vague standards.

16. States that Plaintiff's claim for punitive damages violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution because it seeks to punish Defendant based upon unconstitutionally vague standards.

17. States that Plaintiff's claim for punitive damages violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution in the absence of an order bifurcating Plaintiff's claim from the issue of liability.

18. States that any award of punitive damages in this case would violate the separation of powers doctrines since this Court and the jury would be usurping the exclusive power of the legislative branch to define crimes and establish punishment.

19. States that any award of punitive damages in this case would be constitutionally defective as an ex post facto law prohibited by the United States Constitution. The jury, in making any such punitive damage award, would be effectively criminalizing conduct after it has occurred and without appropriate advanced notice to Defendant that any such conduct may subject it to criminal punishment.

20. Defendant reserves the right to assert such other affirmative defenses as might become known to the Defendant during the course of discovery and pursuant to the terms of any Scheduling Order that the Court might enter.

- 9 -

SEPARATE ANSWER OF THE CURATORS OF THE UNIVERSITY OF MISSOURI
Case 2:24-cv-04213-SRB     Document 17     Filed 04/28/25     Page 9 of 10

Having fully answered Plaintiff's First Amended Complaint. Defendant The Curators of the University of Missouri prays to be dismissed with its costs and expenses herein incurred and expended, for its reasonable attorney's fees, for judgment to be entered in its favor and for such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ Clayton L. Thompson

**CLAYTON L. THOMPSON #65230**
FORD, PARSHALL & BAKER, L.L.C.
3210 Bluff Creek Drive
Columbia, Missouri 65201
(573) 449-2613 | (573) 875-8154 (f)
cthompson@fpb-law.com
ATTORNEYS FOR DEFENDANT
The Curators of the Univrsity of Missouri

CERTIFICATE OF SERVICE

The undersigned certifies that a complete copy of the foregoing instrument was served upon the attorneys or parties of record to the above action by electronic submission.

On this 28th day of April, 2025.

/s/ Clayton L. Thompson
FORD, PARSHALL & BAKER