IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **Mehrdad Fotoohighiam,**<br><br>Plaintiff;<br><br>v.<br><br>**The Curators of the University of Missouri,** *et al.*,<br><br>Defendants. | Case No. 2:24-cv-04213-SRB<br><br>**JURY TRIAL DEMANDED** |

### SEPARATE ANSWER OF DEFENDANT CARI LYMAN PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Cari Lyman makes the following answer to Plaintiff's First Amended Complaint.

**I. Parties**

1. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 1's allegations and so she denies them.

2. Answering paragraph 2, admits that The Curators of the University of Missouri is a governmental body created and organized under and by virtue of the Constitution and the State of Missouri and statutory provisions pertaining to the constitutionally created governmental entity known as "The Curators of the University of Missouri." Admits that The Curators of the University of Missouri is located in Columbia, Missouri and employs various persons. Denies the remaining allegations of paragraph 2.

3. Admits that Cari Lyman is the Director of Retirement for the UM System and denies the remaining allegations of paragraph 3.

4. Admits that Brian Weimer is the Chief of the University of Missouri Police Department and denies the remaining allegations of paragraph 4.

5. Answering paragraph 5, states that there is no legal entity known as the UMC Police Department capable of being sued. To the extent an answer is required to the allegations of paragraph 5, Defendant denies the allegations.

6. Admits that Officer Jacob Clifford is a police officer and employee for The University and denies the remaining allegations of paragraph 6.

7. Admits that Officer Payne Brockert is a police officer and employee of The University and denies the remaining allegations of paragraph 7.

8. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 8's allegations and so she denies them.

9. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 8's allegations and so she denies them.

## II. Jurisdiction and Venue

### *Jurisdiction*

10. Defendant admits that this Court has subject matter jurisdiction and denies the remaining allegations of paragraph 10.

11. Defendant states that the allegations of paragraph 11 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 11.

12. Defendant admits that venue is appropriate in this Court and denies the remaining allegations of paragraph 12.

## III. Introduction

13. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 13's allegations and so she denies them.

14. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 14's allegations and so she denies them.

15. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 15's allegations and the allegations of its sub-paragraphs and so she denies them.

16. Denies the allegations of paragraph 16.

17. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 17's allegations and so she denies them.

18. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 18's allegations and so she denies them.

## IV. Statement of Facts

### *Plaintiff's Employment and Retirement Claims*

19. Denies the allegations of paragraph 19.

20. Answering paragraph 20, admits that Plaintiff spoke with Cari Lyman on August 31, 2022 regarding his retirement benefits at the Human Resource Service Center on the University of Missouri campus and denies the remaining allegations of paragraph 20.

21. Answering paragraph 21, admits that Cari Lyman informed Plaintiff that he was not eligible to vest and was not eligible for retirement benefits due to his lack of sufficient creditable service and denies the remaining allegations of paragraph 21.

22. Answering paragraph 22, admits that Plaintiff disputed his eligibility for retirement benefits and that an HR employee called the University of Missouri Police Department due to Plaintiff's failure to leave the Human Resource Service Center. Admits that Officer Jacob Clifford responded to the Human Resources Service Center. Denies that Officer Payne Brockert responded to the Human Resources Service Center. Admits that Plaintiff received a trespass warning, prohibiting him from being on the property of the University of Missouri's Columbia campus beginning on August 31, 2022. Denies the remaining allegations of paragraph 22, particularly that Plaintiff's trespass warning was made without cause.

### *Unlawful Ban and Retaliation:*

23. Answering paragraph 23, admits that Plaintiff received a trespass warning for the University of Missouri, Columbia campus for a year long period beginning on August 31, 2022 and denies the remaining allegations of paragraph 23.

24. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 24's allegations and so she denies them.

25. Defendant is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegation that he recorded his interaction with Lyman, Clifford and others on August 31, 2022 and so she denies that allegation. Defendant denies the remaining allegations of paragraph 25.

26. Denies the allegations of paragraph 26.

27. Denies the allegations of paragraph 27.

### *Failure to Provide Due Process:*

28. Answering paragraph 28, Defendant admits that Plaintiff repeatedly contacted The University and its employees regarding his retirement benefits claim. Defendant denies the remaining allegations of paragraph 28.

29. Denies the allegations of paragraph 29.

30. Denies the allegations of paragraph 30.

### *Retaliation and Discriminatory Practices:*

31. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations regarding Plaintiff's national origin and so she denies that allegation. Defendant denies the remaining allegations of paragraph 31.

32. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 32's allegations and so she denies them.

33. Denies the allegations of paragraph 33.

34. Denies the allegations of paragraph 34.

### Monell Claim – Systemic Failure at UMC:

35. Denies the allegations of paragraph 35.

36. Denies the allegations of paragraph 36.

37. Denies the allegations of paragraph 37.

### John Doe Defendants (Including HR and UMC Police Officers)
### John Doe 1 – UMC Police Officer:

38. Defendant is without sufficient knowledge or information to form a belief regarding the identity of "UMC Police Officer John Doe #1" and so denies any allegations regarding that individual. Defendant denies the remaining allegations of paragraph 38.

### John Doe #2 – UMC Human Resources Employee:

39. Defendant is without sufficient knowledge or information to form a belief regarding the identity of "John Doe 2" and so denies any allegations regarding that individual. Denies the remaining allegations of paragraph 39.

### FURTHER STATEMENT OF FACTS AND VICTIM IMPACT
### Plaintiff's Continuing Efforts to Resolve the Issue:

40. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 40's allegations and so she denies them.

41. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 41's allegations and so she denies them.

### Lost Income from Business and Career Opportunities:

42. Answering paragraph 42, denies that Plaintiff was unlawfully banned from campus. Further answering Defendant states that she is without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations of paragraph 42 and so she denies them.

43. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 43's allegations and so she denies them.

### Plaintiff's Health and Family Impacts:

44. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 44's allegations and so she denies them and those of its sub-paragraph.

### Ongoing Retaliation and Lack of Accountability:

45. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 45's allegations and so she denies them.

### Loss of Access to UMC Campus Resources and Community:

46. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 46's allegations and so she denies them.

47.  Defendant states that the allegations of paragraph 47 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 47.

48.  Defendant states that the allegations of paragraph 48 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 48.

49.  Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 49's allegations and so she denies them.

*Sovereign Immunity and Insurance Coverage:*

50.  Denies the allegations of paragraph 50.

V.  **Claims for Relief**

**COUNT I**
**VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**First Amendment Violation for Relation for Asserting a Constitutional Right**

51.  Defendant incorporates each and every response to paragraphs 1 through 50 as though fully set forth herein.

52.  Defendant states that the allegations of paragraph 52 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 52.

53.  Answering paragraph 53, admits that on August 31, 2022 Plaintiff spoke with Defendant Lyman regarding his claim for retirement benefits and that Plaintiff believed he was entitled to retirement benefits. Denies the remaining allegations of paragraph 53.

54.  Denies the allegations of paragraph 54, specifically that Defendant Lyman was hostile or unprofessional or that she failed to offer Plaintiff any "meaningful process" regarding his claim to retirement benefits.

*Due Process Rights Were Further Violated When Plaintiff was Banned from Campus:*

55.  Denies the allegations of paragraph 55.

56.  Answering paragraph 56, admits that Plaintiff received a trespass warning from the University of Missouri-Columbia Campus for one year but denies the remaining allegations of paragraph 56.

57.  Denies the allegations of paragraph 57.

58.  Denies the allegations of paragraph 58.

59.  Answering paragraph 59, admits that Plaintiff received an additional one year trespass warning from the University of Missouri-Columbia campus beginning in September of 2023, but denies the remaining allegations of paragraph 59.

60.  Denies the allegations of paragraph 60.

*Defendants' Retaliatory Actions:*

61. Denies the allegations of paragraph 61.

62. Denies the allegations of paragraph 62.

63. Denies the allegations of paragraph 63.

*Deliberate Indifference to Plaintiff's Rights:*

64. Denies the allegations of paragraph 64.

65. Denies the allegations of paragraph 65.

66. Denies the allegations of paragraph 66.

67. Denies the allegations of paragraph 67.

*Procedural Due Process Standards:*

68. Admits that the Fourteenth Amendment of the United States Constitution states in part that a "State" may not "deprive any person of life, liberty, or property without due process of law" and denies any remaining allegations of paragraph 68.

69. Defendant states that the allegations of paragraph 69 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 69.

70. Denies the allegations of paragraph 70.

71. Denies the allegations of paragraph 71.

72. Answering paragraph 72, admits that Defendant Lyman is the Director of Retirement for the UM System and that part of her responsibilities include processing and administering retirement claims. Denies the remaining allegations of paragraph 72.

73. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 73's allegations and so she denies them.

74. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 74's allegations and so she denies them.

75. Answering paragraph 75, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation that Plaintiff recorded any interactions with Defendant Lyman and so she denies that allegation. Defendant denies the remaining allegations of paragraph 75.

76. Denies the allegations of paragraph 76.

77. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 77's allegations and so she denies them.

78. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 78's allegations and so she denies them.

79. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 79's allegations and so she denies them.

80. Denies the allegations of paragraph 80.

### *Legal Standard for First Amendment Retaliation:*

81. Defendant states that the allegations of paragraph 81 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 81 and each and every one of its sub-paragraphs.

82. Denies the allegations of paragraph 82.

83. Denies the allegations of paragraph 83.

84. Denies the allegations of paragraph 84.

85. Defendant states that the allegations of paragraph 85 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 85 and states that she upheld all duties owed by law.

86. Denies the allegations of paragraph 86.

87. Denies the allegations of paragraph 87 and each and every sub-paragraph thereof.

Having fully answered this Count of Plaintiff's First Amended Complaint, Defendant prays to be hence dismissed with her costs incurred and expended, for her reasonable attorney's fees as the prevailing party and for such other relief as the Court deems appropriate under the circumstances.

## COUNT II
## VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## Due Process Violation (14th Amendment)

88. Defendant incorporates her responses to the allegations set forth in paragraphs 1 through 87 as though fully set forth herein.

89. Denies the allegations of paragraph 89.

90. Answering paragraph 90, admits that on August 31, 2022 Plaintiff spoke with Defendant Lyman regarding his claim for retirement benefits and admits that Plaintiff believed he was entitled to retirement benefits. Denies the remaining allegations of paragraph 90.

91. Denies the allegations of paragraph 91, specifically that Defendant Lyman was unprofessional or arbitrary or that she failed to offer Plaintiff any "meaningful process" regarding his claim to retirement benefits.

92. Denies the allegations of paragraph 92.

93. Denies the allegations of paragraph 93.

94. Denies the allegations of paragraph 94.

95. Denies the allegations for paragraph 95.

96. Denies the allegations of paragraph 96.

97. Answering paragraph 97, admits that Plaintiff received an additional one year trespass warning from the University of Missouri-Columbia Campus beginning in September of 2023, but denies the remaining allegations of paragraph 97.

98. Denies the allegations of paragraph 98.

99. Denies the allegations of paragraph 99.

100. Denies the allegations of paragraph 100.

*Procedural Due Process Standards:*

101. Answering paragraph 101 admits that the Fourteenth Amendment of the United States Constitution states in part that a "State" may not "deprive any person of life, liberty, or property without due process of law" and states that the remaining allegations of paragraph 101 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the remaining allegations of paragraph 101.

102. Denies the allegations of paragraph 102

*Defendants' Retaliatory Actions:*

103. Denies the allegations of paragraph 103.

104. Denies the allegations of paragraph 104.

*Deliberate Indifference to Plaintiff's Rights:*

105. Denies the allegations of paragraph 105.

106. Denies the allegations of paragraph 106.

107. Denies the allegations of paragraph 107.

*Plaintiff's Harm and Damages:*

108. Denies the allegations of paragraph 108 and each and every sub-paragraph thereof.

Having fully answered this Count of Plaintiff's First Amended Complaint, Defendant prays to be hence dismissed with her costs incurred and expended, for her reasonable attorney's fees as the prevailing party and for such other relief as the Court deems appropriate under the circumstances.

## COUNT III
## VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### *Fourth Amendment – Unreasonable Search and Seizure*

Defendant states that this Count is not directed toward, nor makes any allegations regarding, nor seeks any relief from, this Defendant. For that reason, this Defendant makes no answer to Count IIII of Plaintiff's First Amended Complaint. If the Court determines that Count III is directed toward this Defendant, then this Defendant denies every allegation of Count III.

## COUNT IV
## 42 U.S.C. § 1983
## DUE PROCESS VIOLATION UNDER THE FOURTEENTH AMENDMENT
## Denial of Retirement Benefits and Unlawful Campus Ban

*Disparate Treatment of Plaintiff:*

124. Defendant incorporates her responses to the allegations of paragraphs 1 through 123 as though fully set forth herein.

*Disparate Treatment of Plaintiff:*

125. Answering paragraph 125, Defendant admits that Plaintiff was employed by the University of Missouri and denies the remaining allegations of paragraph 125.

126. Defendant states that the allegations of paragraph 126 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 126.

127. Defendant states that the allegations of paragraph 127 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 127.

128. Defendant states that the allegations of paragraph 128 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 128.

129. Denies the allegations of paragraph 129.

*The Unlawful Campus Ban and Violation of Liberty Interest*:

130. Answering paragraph 130, Defendant Lyman admits that an individual working at the Human Resources Service Center called the University of Missouri Police Department when Plaintiff failed to leave the property as requested. Defendant admits that she again informed Plaintiff again during this interaction that he did not have sufficient creditable service to vest under the University of Missouri Retirement, Disability and Death Benefit Plan. Denies the remaining allegations of paragraph 130.

131. Defendant states that the allegations of paragraph 131 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 131.

132. Denies the allegations of paragraph 132.

133. Denies the allegations of paragraph 133.

*The Clearly Established Right and Defendants' Knowledge:*

134. Defendant states that the allegations of paragraph 134 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 134.

135. Defendant states that the allegations of paragraph 135 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 135.

136. Answering paragraph 136, Defendant Lyman admits that she is the Director of Retirement for the UM System. Denies that Plaintiff was entitled to receive retirement benefits under the University of Missouri Retirement, Disability and Death Benefit Plan. Denies that she failed to provide Plaintiff with "appropriate due process" and denies the remaining allegations of paragraph 136.

137. Defendant states that the allegations of paragraph 137 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 137.

138. Denies the allegations of paragraph 138.

### *Defendants' Deliberate Indifference to Due Process Rights:*

139. Denies the allegations of paragraph 139.

140. Denies the allegations of paragraph 140, specifically that Defendnat Lyman violated the constitution or failed to act with regard to Plaintiff's constitutional rights.

141. Denies the allegations of paragraph 141, specifically that Defendant Lyman failed to follow appropriate procedures or failed to provide a fair process for retirement claims.

### *The Broader Systemic Failure of UMC:*

142. Denies the allegations of paragraph 142.

143. Denies the allegations of paragraph 143, specifically that Defendant Lyman failed to "respond meaningfully" to Plaintiff's inquires or wrongfully denied him retirement benefits.

### *Harm and Damages:*

144. Denies the allegations of paragraph 144.

145. Denies the allegations of paragraph 145.

146. Denies the allegations of paragraph 146.

Having fully answered this Count of Plaintiff's First Amended Complaint, Defendant prays to be hence dismissed with her costs incurred and expended, for her reasonable attorney's fees as the prevailing party and for such other relief as the Court deems appropriate under the circumstances.

# COUNT V
# VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## Equal Protection Violation *(Fourteenth Amendment)*

[Selective Enforcement or Discrimination in How Plaintiff Was Treated]

### *Disparate Treatment of Plaintiff:*

147. Defendant incorporates each and every response to paragraphs 1-146 as though fully set forth herein.

148. Denies the allegations of paragraph 148.

149. Denies the allegations of paragraph 149.

### *Denial of Retirement Benefits:*

150. Denies the allegations of paragraph 150.

### *Campus Ban:*

151. Denies the allegations of paragraph 151.

152. Denies the allegations of paragraph 152.

### *Discriminatory Motive or Unequal Justification:*

### *No Legitimate Justification for Treatment:*

153. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 153's allegations and so she denies them.

154. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 154's allegations and so she denies them.

### *Extension of the Ban:*

155. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 155's allegations and so she denies them.

156. Denies the allegations of paragraph 156.

### *Legal Analysis of Equal Protection Violation:*

157. Answering paragraph 157, admits that the Fourteenth Amendment of the United States Constitution states, in part, that a "State" may not "deny to any person within its jurisdiction the equal protection of the laws." Defendant states that the remaining allegations of paragraph 157 are legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent this Court requires an answer, Defendant denies the remaining allegations of paragraph 157.

158. Defendant is without knowledge or information sufficient to form a belief about the truth of paragraph 158's allegations and so she denies them.

### *Type of Equal Protection Claim:*

159. Defendant is without sufficient knowledge or information to form a belief about the truth of paragraph 159's allegations and so she denies them.

### *Class-of-One Theory:*

160. Defendant states that paragraph 160 alleges legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 160.

161. Denies the allegations of paragraph 161.

162. Denies the allegations of paragraph 162.

163. Denies the allegations of paragraph 163.

164. Denies the allegations of paragraph 164.

165. Defendant states that paragraph 165 alleges legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 165.

166. Defendant states that paragraph 166 alleges legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 166.

167. Denies the allegations of paragraph 167.

168. Denies the allegations of paragraph 168.

169. Defendant states that paragraph 169 alleges legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 169.

170. Defendant states that paragraph 170 alleges legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 170.

### *Selective Enforcement:*

171. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 171 and so she denies them.

172. Defendant states that paragraph 172 alleges legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 172.

173. Denies the allegations of paragraph 173.

174. Denies the allegations of paragraph 174.

175. Defendant states that paragraph 175 alleges legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 175.

176. Defendant states that paragraph 176 alleges legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 176.

*Mental State and Knowledge:*

177. Defendant states that paragraph 177 alleges legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 177.

178. Denies the allegations of paragraph 178.

*Monell Claim and Systemic Failure:*

179. Denies the allegations of paragraph 179.

180. Denies the allegations of paragraph 180.

181. Denies the allegations of paragraph 181.

182. Denies the allegations of paragraph 182.

183. Defendant states that paragraph 183 alleges legal conclusions and opinions, not facts, requiring no answer from this Defendant. To the extent the Court requires an answer, Defendant denies the allegations of paragraph 183.

*Causation and Damages:*

184. Denies the allegations of paragraph 184 and each and every sub-paragraph thereof.

185. Denies the allegations of paragraph 185.

Having fully answered this Count of Plaintiff's First Amended Complaint, Defendant requests that the Court enter judgment in her favor, dismiss her with its costs herein incurred and expended, for her reasonable attorney's fees as the prevailing party and provide such other relief as the Court deems appropriate under the circumstances.

### COUNT VI
### Missouri Human Rights Act (MHRA) – Employment Discrimination
[Discrimination and Retaliation in Violation of MHRA]

Defendant makes no answer to Count VI of Plaintiff's First Amended Complaint as the Court previously dismissed this Count of Plaintiff's First Amended Complaint. (**ECF 16, p. 11**).

### COUNT VII
### Missouri Human Rights Act (MHRA) - Retaliation

Defendant makes no answer to Count VII of Plaintiff's First Amended Complaint as the Court previously dismissed this Count of Plaintiff's First Amended Complaint. (**ECF 16, p. 11**).

## COUNT VIII
## Title VII – Retaliation for Exercising Constitutional Rights and National Origin

Defendant makes no answer to Count VIII of Plaintiff's First Amended Complaint as the Court previously dismissed this Count of Plaintiff's First Amended Complaint. (**ECF 16, p. 12**).

## COUNT IX
## Title VII Violation – National Origin Discrimination
## [Denial of Retirement Benefits Based on National Origin]

Defendant makes no answer to Count IX of Plaintiff's First Amended Complaint as the Court previously dismissed this Count of Plaintiff's First Amended Complaint. (**ECF 16, p. 12**).

## COUNT X
## Tortious Interference with Contractual Relations and Business Relationships

Defendant makes no answer to Count X of Plaintiff's First Amended Complaint as the Court previously dismissed this Count of Plaintiff's First Amended Complaint. (**ECF 16, p. 12**).

## COUNT XI
## Negligence and Negligent Infliction of Emotional Distress

Defendant makes no answer to Count XI of Plaintiff's First Amended Complaint as the Court previously dismissed this Count of Plaintiff's First Amended Complaint. (**ECF 16, p. 12**).

## COUNT XII
## Monell Claim – Municipal Liability Under 42 U.S.C. § 1983

Defendant makes no answer to Count XII of Plaintiff's First Amended Complaint as the Court previously dismissed this Count of Plaintiff's First Amended Complaint. **(ECF 16, pp. 12)**.

\* \* \*

Having fully answered Plaintiff's First Amended Complaint, Defendant Cari Lyman respectfully requests that the Court enter judgment in her favor, dismiss her with her costs herein incurred and expended and provide such other relief that the Court deems appropriate under the circumstances.

## VI.  Affirmative Defenses

Defendant Cari Lyman asserts the following affirmative defenses to Plaintiff's First Amended Complaint:

1.  Defendant denies each and every allegation of Plaintiff's First Amended Complaint not specifically responded to hereinabove.

2.  Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against this Defendant.

3.  States that neither Plaintiff's alleged exercise of his constitutional rights, nor his national origin, were contributing, motivating or substantial factors with respect to any action taken against Plaintiff.

4. States that Plaintiff's claims arising out of the denial of his retirement benefits are barred by the applicable statute of limitations, as Defendant The Curators of the University of Missouri informed Plaintiff that he did not have sufficient creditable service to vest under the University of Missouri Retirement, Disability and Death Benefit Plan in 1983. Any action taken on behalf of this Defendant did not deny Plaintiff any retirement benefit. Plaintiff did not bring suit within the applicable statute of limitations after Defendant informed Plaintiff of the denial of his retirement benefits claim.

5. States that portions of Plaintiff's First Amended Complaint may be barred by applicable statutes of limitations.

6. States that Plaintiff did not engage in any protected activity.

7. States that Defendant's conduct at all relevant times was lawfully justified.

8. States that Defendant is entitled to qualified immunity to all of Plaintiff's claims brought under 42 U.S.C. § 1983 pursuant to *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) in that Defendant's actions did not violate Plaintiff's constitutional rights.

9. States that Defendant did not retaliate against Plaintiff, and that any materially adverse action taken against Plaintiff, which Defendant denies occurred, took place for a lawful reason not related to Plaintiff's engagement in any protected activity.

10. States that upon information and belief, Plaintiff has failed and neglected to use reasonable means to protect himself from losses and has failed to mitigate the alleged losses and damages complained of in his Complaint.

11. States that Plaintiff's claim for punitive damages, if granted, would be excessive and would violate the due process clause of the Fourteenth Amendment of the United States Constitution. Defendant has not received fair notice that it could be subject to substantial punitive damages for the conduct alleged.

12. States that Plaintiff's claim for punitive damages would violate the Eighth Amendment to the United States Constitution because it seeks to impose an excessive fine upon Defendant, is penal in nature, and seeks to punish Defendant upon vague standards.

13. States that Plaintiff's claim for punitive damages violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution because it seeks to punish Defendant based upon unconstitutionally vague standards.

14. States that Plaintiff's claim for punitive damages violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution in the absence of an order bifurcating Plaintiff's claim from the issue of liability.

15. States that any award of punitive damages in this case would violate the separation of powers doctrines since this Court and the jury would be usurping the exclusive power of the legislative branch to define crimes and establish punishment.

16. States that any award of punitive damages in this case would be constitutionally defective as an ex post facto law prohibited by the United States Constitution. The jury, in making any such

punitive damage award, would be effectively criminalizing conduct after it has occurred and without appropriate advanced notice to Defendant that any such conduct may subject it to criminal punishment.

17. Defendant reserves the right to assert such other affirmative defenses as might become known to the Defendant during the course of discovery and pursuant to the terms of any Scheduling Order that the Court might enter.

Having fully answered Plaintiff's First Amended Complaint. Defendant prays to be dismissed with her costs and expenses herein incurred and expended, for her reasonable attorney's fees, for judgment to be entered in her favor and for such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

*/s/ Clayton L. Thompson*

**CLAYTON L. THOMPSON    #65230**
FORD, PARSHALL & BAKER, L.L.C.
3210 Bluff Creek Drive
Columbia, Missouri 65201
(573) 449-2613 | (573) 875-8154 (f)
cthompson@fpb-law.com
ATTORNEY FOR DEFENDANT
Cari Lyman

CERTIFICATE OF SERVICE

The undersigned certifies that a complete copy of the foregoing instrument was served upon the attorneys or parties of record to the above action by electronic submission.

On this 28th day of April, 2025.

*/s/ Clayton L. Thompson*
FORD, PARSHALL & BAKER